IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NASRIN FATEMI                                                                PLAINTIFF

v.                              No. 4:11-cv-458-DPM

CHARLES WHITE, in his official
capacity; JAMES CLARDY, in his
individual and official capacities;
DEBRA FISER, in her individual
and official capacities; JOHN DAY,
in his individual and official capacities;
UNIVERSITY OF ARKANSAS FOR
MEDICAL SCIENCES; and
UNIVERSITY OF ARKANSAS SYSTEM                              DEFENDANTS

ORDER

The Defendants' motion to compel, *Document No. 28*, is granted. Fatemi should complete and sign the authorizations for release of her educational, employment, and medical records — all of which may lead to the discovery of admissible evidence about material issues. FED. R. CIV. P. 26(b)(1). Fatemi should also produce, for review and copying, the original tapes of her recorded conversations with the Defendants and other witnesses, as well as copies of any transcripts that currently exist. FED. R. CIV. P. 26(b)(3)(C)(ii) &

34(a)(1)(A). Her claim of work-product in these materials is waived, having never been the basis of a timely objection. FED. R. CIV. P. 33(b)(4). And the tapes should be produced now, not after the parties to the conversations have been deposed.

The Court acknowledges the split of authority about the timing of production. 8 C. WRIGHT, A. MILLER & R. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2015 (3d ed. 2010). But in the circumstances, the Court is convinced that *Costa v. AFGO Mechanical Services, Inc.*, 237 F.R.D. 21 (E.D. N.Y. 2006), and like cases are the better-reasoned precedent. *See also Babyage.com, Inc. v. Toys "R" Us, Inc.*, 458 F. Supp. 2d 263 (E.D. Pa. 2006); *cf. Torres-Paulett v. Tradition Mariner, Inc.*, 157 F.R.D. 487 (S.D. Cal. 1994); *Manske v. UPS Cartage Services, Inc.*, 2011 WL 322002 (D. Maine 30 January 2011). First, the conversations almost certainly contain substantive evidence about Fatemi's claims. Second, Fatemi made these tape recordings surreptitiously and without the consent or knowledge of the other parties to the conversations. Those circumstances, *Costa*, 237 F.R.D. at 24–25, weigh against delaying production of that information until a time more favorable to Fatemi.

\* \* \*

Motion to compel, *Document No. 28*, granted. Motion for protective order, *Document No. 34*, denied. The Court directs Fatemi to complete and sign the authorizations included in the Defendants' discovery requests, and produce the original conversation tapes for review and copying (as well as any transcripts that currently exist), by 16 March 2012.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 March 2012