IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NASRIN FATEMI                                                    PLAINTIFF

v.                              No. 4:11-cv-458-DPM

HOSEA LONG, in his official
capacity; JAMES CLARDY, in his
individual and official capacities;
DEBRA FISER, in her individual
and official capacities; JOHN DAY,
in his individual and official capacities;
UNIVERSITY OF ARKANSAS FOR
MEDICAL SCIENCES; and
UNIVERSITY OF ARKANSAS SYSTEM                                   DEFENDANTS

ORDER

In 2010, Dr. Nasrin Fatemi, then a second-year neurosurgery resident at the University of Arkansas for Medical Sciences, was terminated from the program. She has sued the school and several of its doctor-employees, asserting many claims: discrimination on the basis of race, national origin, religion, and gender; damage to her professional reputation; violations of due process and equal protection under the Arkansas and U.S. Constitutions; violations of the First Amendment and the Arkansas Public Employees Political Freedom Act; and interference with her business expectancy in continuing work at UAMS. She also alleges that the University Defendants

retaliated against her for consulting a lawyer and complaining about discrimination.

The University of Arkansas System, and all the related Defendants seek summary judgment, *Document No. 73.* They say UAMS is an improper party. They contend the University and individuals are entitled (as the State and its officers) to sovereign and qualified immunity. And even if not immune, the University Defendants argue that Dr. Fatemi's termination was for good cause: poor performance and unprofessional behavior.

The summary-judgment papers are voluminous—hundreds and hundreds of pages of record materials and briefs. The Court has considered the whole, studied the governing law, and reflected on the case. Notwithstanding the record's breadth and the arguments' depth, the Court sees no material-fact issues that need trying. The University Defendants are, for various reasons, entitled to judgment as a matter of law on all Dr. Fatemi's federal claims and echoing state claims.

On some claims, the parties agree or the law is so clear that the outcome is beyond dispute. The Court addresses those issues now. This trims the case to its core: gender discrimination, under various statutory and constitutional

-2-

theories.  The Court is working on a detailed Order explaining its reasoning and conclusion on gender discrimination, as well as on qualified immunity, which rises or falls with the merits of Dr. Fatemi's remaining claims.  *Twiggs v. Selig*, 679 F.3d 990, 995 (8th Cir. 2012).  The Court will finish and file that Order soon.

In the meantime, the Scheduling Order, *Document No. 96,* is suspended. No useful purpose would be served by all the pre-trial filings at the end of next week.  The May 13th trial is cancelled.  The parties need not respond further to any pending motion, or file any other paper, for the time being.

**Abandoned Claims.**   Dr. Fatemi abandons her claims alleging discrimination based on national origin, race, and religion, as well as her Public Employees Political Freedom Act, § 1981, and First Amendment claims. *Document No. 102.* These claims are dismissed without prejudice.

**Improper Party.**  UAMS is not a legal entity that may sue or be sued. *University of Arkansas for Medical Sciences v. Adams*, 354 Ark. 21, 24, 117 S.W.3d 588, 590 (2003).  It is a campus of the University of Arkansas System.  UAMS is therefore dismissed as a defendant with prejudice.

**Sovereign Immunity.** The Eleventh Amendment reflects Arkansas's

sovereign immunity, which insulates the State and its officers against money damages absent waiver or abrogation. *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (§ 1983 does not abrogate this immunity). And Dr. Fatemi agrees that monetary damages are thus not available from the University or its officers in their official capacities. *Document No. 113, at 59.* But prospective injunctive or declaratory relief is. *Edelman*, 415 U.S. at 663-69; *Ex parte Young*, 209 U.S. 123, 148-60 (1908). Dr. Fatemi says declaratory relief would be meaningful to her professionally — a declaration that the University violated her rights by terminating her residency would help her find work in the future. Whether Dr. Fatemi is entitled to this non-monetary relief is inextricably intertwined with the merits of her claims. The Court will address both in its companion Order.

**Title VII Claims Against Individuals.** "[S]upervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir 1998) (*per curiam*). Only employers, such as the University of Arkansas, are within the statute's reach. Dr. Fatemi acknowledges that she has no viable Title VII claim against any

-4-

individual defendant. *Document No. 113, at 58.*  Her Title VII claims against

Drs. Long, Clardy, Fiser, and Day are therefore dismissed with prejudice.

*Okruhlik v. University of Arkansas,* 395 F.3d 872, 878 (8th Cir. 2005).

So Ordered.

D.P. Marshall Jr.
United States District Judge

5 April 2013